



KYH/AL: USAO#2025R00177

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | UNDER SEAL |
|---|---|
| v. | CRIMINAL NO. JKB-25-231 |
| RON WARDLOW, | (Carjacking, 18 U.S.C. § 2119(1); Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c); Possession of a Firearm and Ammunition by a Prohibited Person, 18 U.S.C. § 922(g)(1); Forfeiture, 18 U.S.C. §§ 982(a)(5) and 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c)) |
| Defendant. | |

## INDICTMENT

### COUNT ONE
(Carjacking)

The Grand Jury for the District of Maryland charges that:

On or about February 27, 2025, in the District of Maryland, the Defendant,

**RON WARDLOW,**

took a motor vehicle, a 2024 Volkswagen Atlas Cross Sport bearing Maryland registration 4GM0366, that had been transported, shipped, and received in interstate and foreign commerce from the person and in the presence of another by force, violence, and intimidation, with the intent to cause death and serious bodily harm.

18 U.S.C. § 2119(1)



## COUNT TWO
### (Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

On or about February 27, 2025, in the District of Maryland, the Defendant,

**RON WARDLOW,**

did knowingly and intentionally use, carry, and brandish a firearm, that is, a black Glock 9mm Luger handgun bearing serial number CAXX809, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, Carjacking, as set forth in Count One of this Indictment, which is incorporated herein by reference.

18 U.S.C. § 924(c)

## COUNT THREE
### (Possession of a Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about February 27, 2025, in the District of Maryland, the Defendant,

**RON WARDLOW,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a black Glock 9mm Luger handgun bearing serial number CAXX809, and approximately 31 rounds of 9mm ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 982(a)(5) and 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Counts One through Three of this Indictment.

### Carjacking Forfeiture

2. Upon conviction of the offense alleged in Count One of this Indictment, the Defendant,

**RON WARDLOW,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(5), any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such offense.

### Firearms and Ammunition Forfeiture

3. Upon conviction of the offense(s) alleged in Counts One through Three of this Indictment, the Defendant,

**RON WARDLOW,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense(s).

### Property Subject to Forfeiture

4. The property subject to forfeiture includes, but is not limited to:

    a. a black Glock 9mm Luger handgun bearing serial number CAXX809; and

    b. approximately 31 rounds of 9mm ammunition.

**Substitute Assets**

5. If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 982(a)(5)
18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_Kelly O. Hayes / APL_
Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

8/7/2025
Date